IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FRONT ROW TECHNOLOGIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 3:12-CV-1639-K |
| | )  JURY TRIAL DEMANDED |
| MLB ADVANCED MEDIA, L.P., | ) |
| MERCURY RADIO ARTS, INC., | ) |
| d/b/a 'THE GLENN BECK PROGRAM, | ) |
| INC.', GBTV, LLC, & PREMIERE | ) |
| RADIO NETWORKS, INC., | ) |
| | ) |
| Defendants. | ) |

**MLB ADVANCED MEDIA, L.P.'S ANSWERS AND COUNTERCLAIMS
TO PLAINTIFF FRONT ROW TECHNOLOGIES, LLC'S
FIRST AMENDED COMPLAINT**

Defendant MLB Advanced Media, L.P. ("MLBAM") provides the following Answers to

Front Row Technologies, LLC's ("Front Row") First Amended Complaint as follows:

**I. PARTIES**

1.     Plaintiff Front Row Technologies is a New Mexico limited liability company having its principal place of business at 117 Bryn Mawr Drive SE, Albuquerque, New Mexico 87106.

**ANSWER**:  MLBAM lacks information sufficient to admit or deny these allegations, and

therefore denies them.

2.     Defendant MLB Advanced Media, L.P. is a limited partnership organized and existing under the laws of the State of New York, with its principal place of business located at 245 Park Avenue, Floor 34, New York, New York 10167.  MLB Advanced Media, L.P. is a resident of New York, which engages in business in various states throughout the United States. This action arises, in part, out of the MLB Advanced Media, L.P.'s business that is directed to and conducted within the State of Texas.  MLB Advanced Media, L.P. ("MLB-AM") is in the business of

1

broadcasting entertainment, news, and sporting events through electronic and wireless instrumentalities, the sale of electronic software for broadcasting sporting events through electronic and wireless instrumentalities, and/or the sale of electronic software for broadcasting sporting events through electronic and wireless instrumentalities in interstate commerce.  MLB-AM engages in such business in the State of Texas; and more specifically, MLB-AM has entered into a contractual arrangement with one or more of the other named defendants to provide such services for GBTV. While Defendant MLB-AM does not have a registered agent designated in the State of Texas, it can be served with process through the Secretary of the State of Texas. FED. R. CIV. PRO. 4(h)(1)(A).s.

**ANSWER:**  MLBAM admits that it is a limited partnership that it is a resident of New York and that it engages in business throughout the United States.  MLBAM denies that it is organized and existing under the laws of the State of New York and that its principal place of business is 245 Park Avenue, Floor 34, New York, NY 10167.

MLBAM admits that certain aspects of its business involve the transmission of certain entertainment, news, and sporting events over computer networks.  MLB further admits that it sells certain products and services for this purpose. MLBAM further admits that it has entered into a contract with GBTV, a New York corporation, to provide certain transmission services. MLBAM denies that this contract was targeted to the State of Texas or that the contract was entered into in Texas.

The remainder of the allegations in this paragraph are denied or are statements for which no response is required.

3.      Defendant Mercury Radio Arts, Inc., d/b/a "The Glenn Beck Program, Inc.", is a New York corporation with its principal place of business located at 1133 Avenue of the Americas, 34th Floor, New York, New York 10036. While it is a New York corporation, Mercury Radio Arts, Inc. ("Mercury") engages in business throughout the United States. However, this action arises, in part, out of Mercury's business, which has been and continues to be conducted in as well as directed to the State of Texas. Mercury is in the business of broadcasting entertainment, news, and radio shows throughout the United States. Since at least 2012, Mercury has maintained a Dallas office.  Defendant Mercury can be served with process through its registered agent CSC – Lawyers Incorporating Service Company, 211, E. 7th Street, Suite 620, Austin, Texas 78701-3218; or its Chief Executive Officer Glenn L. Beck, who resides at 2208 Vaquero

Estates Boulevard, Westlake, Tarrant County, Texas 76262, or at his primary place of business GBTV Studios at The Studios at Las Colinas, 6301 Riverside Drive, Irving, Dallas County, Texas 75039.

**ANSWER:** Paragraph 3 does not require a response by MLBAM. To the extent any response is required, MLBAM lacks information sufficient to admit or deny these allegations, and therefore denies them.

4. Defendant GBTV, LLC ("GBTV") is a New York limited liability corporation with its principal place of business located at 1133 Avenue of the Americas, 34th Floor, New York, New York 10036. Defendant Mercury is the principal of GBTV. Like its principal, GBTV engages in business throughout the United States. This action arises, in part, out of GBTV's business, which has been and continues to be conducted in as well as directed to the State of Texas. GBTV is in the business of video production and content for broadcasting entertainment and news shows throughout the United States. Since at least 2012, GBTV has maintained a Dallas office at The Studios at Las Colinas, 6301 Riverside Drive, Irving, Dallas County, Texas 75039. GBTV can be served with process through its principal Defendant Mercury, whose registered agent in Texas is CSC – Lawyers Incorporating Service Company, 211, E. 7th Street, Suite 620, Austin, Texas 78701-3218; or its Director Glenn L. Beck, who resides at 2208 Vaquero Estates Boulevard, Westlake, Tarrant County, Texas 76262, offices at GBTV Studios at The Studios at Las Colinas, 6301 Riverside Drive, Irving, Dallas County, Texas 75039.

**ANSWER:** Paragraph 4 does not require a response by MLBAM. To the extent any response is required, MLBAM lacks information sufficient to admit or deny these allegations, and therefore denies them.

5. Defendant Premiere Radio Networks, Inc. ("Premiere") is a Delaware corporation with its principal place of business located at 200 E. Basse Road, San Antonio, Texas 78209. Defendant Premiere engages in business throughout the United States. This action, however, arises, in part, out of Premiere's business, which has been and continues to be conducted in as well as directed to the State of Texas. Premiere is in the business of broadcasting and promotion throughout the United States. Defendant Premiere can be served with process through its registered agent C T Corporation Systems, 350 N. St. Paul Street, Suite 2900, Dallas, Texas75201-4234.

**ANSWER:** Paragraph 5 does not require a response by MLBAM. To the extent any response is required, MLBAM lacks information sufficient to admit or deny these allegations, and therefore denies them.

## II. JURISDICTION AND VENUE

6.     This action arises under the patent laws of the United States, Title 35 of the United Stated Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Admitted.

7.     Personal jurisdiction exists generally over the Defendants because each Defendant has sufficient minimum contacts with the forum as a result of business regularly conducted within the State of Texas. Personal jurisdiction also exists specifically over the Defendants as a result of, at least, the use of Defendants' GBTV and/or Mercury's Dallas County offices at The Studios of Las Colinas, which is the broadcast venue contemplated and covered by the infringed claims of Plaintiff's patent.  In addition, Defendants, individually and collectively, placed instrumentalities, provided services, provided applications, and/or provided funding or sponsorship for systems and services that practice the claimed invention within the stream of commerce directed at the State of Texas, and by committing the tort of patent infringement within the State of Texas.

**ANSWER:** MLBAM admits that this Court has personal jurisdiction over MLBAM. The rest of Paragraph 7 does not require a response by MLBAM. To the extent any response is required, MLBAM denies these allegations.

8.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).

**ANSWER:** MLBAM admits that venue is proper pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b). However, MLBAM opposes this venue for the reasons set forth in its Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

## III. INFRINGEMENT OF UNITED STATES PATENTS

9.     Plaintiff Front Row Technologies is the owner of all rights, title and interest in and under United States Patent No. 8,090,321 ("'321 Patent"), titled "Transmitting Sports and

Entertainment Data to Wireless Hand Held Devices over a Telecommunications Network," which duly and legally issued on January 3, 2012. A true and correct copy of the '321 patent is attached hereto as **Exhibit A.**

**ANSWER:**  MLBAM admits that a copy of a document entitled United States Patent No. 8,090,321, titled "Transmitting Sports and Entertainment Data to Wireless Hand Held Devices over a Telecommunications Network" is attached to the First Amended Complaint as Exhibit A. MLBAM further admits that the patent attached as Exhibit A lists an issuance date of January 3, 2012. MLBAM lacks information sufficient to admit or deny the remaining allegations and therefore denies them.

10. The '321 patent is valid and enforceable.

**ANSWER:**  Denied.

11. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the '321 patent.

**ANSWER:**  Denied.

### IV. CLAIM ONE - INFRINGEMENT OF THE '321 PATENT

12. Front Row Technologies incorporates by reference paragraphs 1-10 above as though fully repeated herein.

**ANSWER:**  MLBAM incorporates its responses from paragraphs 1-11 above as though fully repeated herein.

13. Defendant MLB-AM has been and continues to directly infringe, literally and/or under the doctrine of equivalents, the '321 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities and/or services that practice one or more claims of the '321 patent in violation of § 271(a), including, but not limited to the following: GBTV.Com, GBTV Plus, GBTV Properties, At Bat 12, and MLB.TV.

**ANSWER:**  Denied.

14. Defendants Mercury and GBTV ("Beck Defendants") have been and continue to directly infringe, literally and/or under the doctrine of equivalents, the '321 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority,

instrumentalities and/or services that practice one or more claims of the '321 patent in violation of § 271(a), including, but not limited to the following: GBTV.Com, GBTV Plus, and GBTV Properties.

**ANSWER:** Paragraph 14 does not require a response by MLBAM. To the extent any response is required, MLBAM lacks information sufficient to admit or deny these allegations, and therefore denies them.

15. Defendant Premiere has been and continues to directly infringe, literally and/or under the doctrine of equivalents, the '321 patent by making, using, offering for sale, selling, and/or importing in or into the United States, without authority, instrumentalities and/or services that practice one or more claims of the '321 patent in violation of §271(a), including, but not limited to the following: GBTV.Com, GBTV Plus, GBTV Properties, other Beck defendants' web properties, and any related advertisement or sponsorships.

**ANSWER:** Paragraph 15 does not require a response by MLBAM. To the extent any response is required, MLBAM lacks information sufficient to admit or deny these allegations, and therefore denies them.

16. The various instrumentalities and/or services made, used, offered for sale, or sold by Defendants, which are listed above, allow users to access live programing, which necessarily includes advertisement and sponsorship content, such as: (i) Glenn Beck's Live Daily Show; (ii) Glenn Beck's Live Radio Program; (iii) live-game video of Major League Baseball games, (iv) access scores and stats, (v) multi-game viewing options, (vi) live-game picture in picture, (vii) live-game highlights, and (viii) live-game DVR functionality. Such services are available over, at least, WiFi 3G and 4G networks; and utilize various mobile devices, including, but not limited to, iOS, which is the mobile operating system utilized by various Apple devices, as well as Android devices.

**ANSWER:** MLBAM admits that it develops and operates products and services that involve transmitting certain of the shows listed, including Glenn Beck's Live Daily Show, Glenn Beck's Live Radio Program, and Major League Baseball games. The rest of the allegations in Paragraph 16 are statements for which definitions or descriptions are required, therefore MLBAM denies them at this time.

6

17. Upon information and belief, Defendants practice all the steps of one or more of the claims of the '321 patent either alone or as the "mastermind" directing or controlling the actions and/or participation of each other defendant and/or any third parties.

**ANSWER:** Denied.

18. Defendants have at no time, either expressly or impliedly, been licensed under the '321 patent.

**ANSWER:** MLBAM admits that it has never licensed the '321 patent. The remainder of Paragraph 18 does not require a response by MLBAM. To the extent any response is required, MLBAM lacks information sufficient to admit or deny these allegations, and therefore denies them.

19. Plaintiff Front Row Technologies has no adequate remedy at law against Defendants' acts of patent infringement. Unless Defendants are permanently enjoined from their unlawful and willful infringement of the '321 patent, Front Row Technologies will suffer irreparable harm.

**ANSWER:** Denied.

20. As a direct and proximate result of Defendants' acts of patent infringement, Front Row Technologies has been and continues to be injured, and has sustained and will continue to sustain substantial damages. Under 35 U.S.C. §281, Plaintiff Front Row Technologies shall have a remedy for Defendants' infringement of the '321 patent by virtue of this lawsuit, and shall be entitled to an award of damages adequate to compensate for Defendants' infringement of the '321 Patent; but in no event, less than a reasonable royalty for the use and/or sale of its invention made by Defendants, together with interest and costs as fixed by the court under 35 U.S.C. §284.

**ANSWER:** Denied.

21. Plaintiff Front Row Technologies has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute demonstrate an exceptional case within the meaning of 35 U.S.C. § 285, and therefore, Plaintiff Front Row Technologies is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

**ANSWER:** Denied.

## VI. JURY DEMAND

In accordance with Federal Rules of Civil Procedure 38 and 39, Plaintiff Front Row Technologies, LLC asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues.

**ANSWER:** MLBAM agrees to and hereby requests a trial by jury on all issues so triable.

## VII. AFFIRMATIVE DEFENSES

MLBAM asserts the following defenses and reserves the right to further amend its Answer to add additional defenses, including for instance inequitable conduct, as additional information becomes available.

### First Defense

1. MLBAM does not infringe, and has not infringed, induced infringement, or contributed to infringement of any of the claims of the '321 patent, either literally or by application of the doctrine of equivalents.

### Second Defense

2. One or more of the claims of the '321 patent are invalid for failure to meet the conditions of patentability of 35 U.S.C. §§ 101 & 102.

### Third Defense

3. One or more of the claims of the '321 patent are invalid for failure to comply with 35 U.S.C. § 103.

### Fourth Defense

4. One or more of the claims of the '321 patent are invalid for failure to comply with 35 U.S.C. § 112.

### Fifth Defense

5. Any claim by Front Row for infringement under the doctrine of equivalents is

barred by the doctrine of prosecution history estoppel.

### Sixth Defense

Front Row's attempted enforcement of the '321 patent is barred by laches and estoppel.

### VIII. COUNTERCLAIMS

For its counterclaims against Front Row, MLBAM alleges as follows:

1. Counterclaim Plaintiff MLBAM is a Delaware limited partnership with its principal place of business located at 75 Ninth Ave., New York, New York 10011.

2. On information and belief based solely on the allegation Counterclaim Defendant Front Row made in paragraph 1 of the First Amended Complaint, Front Row is a New Mexico limited liability company with its principal place of business located at 117 Bryn Mawr Drive SE, Albuquerque, NM, 87106.

3. These counterclaims are for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and arise under the United States Patent Laws.

4. This Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400. However, the more appropriate venue for this litigation, as more fully explained in Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), is the United States District Court for the District of New Mexico.

6. An actual controversy exists between Front Row and MLBAM as to whether the '321 patent is invalid, unenforceable, and not infringed by MLBAM's products and/or services.

### COUNT 1 – Invalidity

7. MLBAM incorporates by reference paragraphs 1-6 as though fully set forth

herein.

8.	MLBAM is entitled to a declaratory judgment that the '321 patent is invalid and unenforceable for failure to comply with Title 35 of the U.S. Code, including at least 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*

## COUNT 2 – Non-infringement

9.	MLBAM incorporates by reference paragraphs 1-6 as though fully set forth herein.

10.	MLBAM is entitled to a declaratory judgment that MLBAM does not directly infringe, induce infringement, or contribute to infringement of any of the claims of the '321 patent.

## PRAYER FOR RELIEF

WHEREFORE, MLBAM prays for entry of judgment:

A.	Declaring that the claims of the '321 patent are invalid and unenforceable;

B.	Declaring that MLBAM does not infringe any claims of the '321 patent;

C.	Declaring that Front Row is not entitled to damages for, or injunctive relief against, any alleged infringement by MLBAM;

D.	Preliminarily and permanently enjoining Front Row from asserting against MLBAM any claim of patent infringement with respect to the '321 patent;

E.	Finding that this is an exceptional case under 35 U.S.C. § 285 and awarding MLBAM its costs and attorney's fees; and

F.	Awarding MLBAM such further and additional relief as the Court deems just and proper.

Dated:  October 12, 2012	Respectfully submitted,

By:   */s/ Alan E. Littmann*
Alan E. Littmann
Illinois Bar No. 6283389
Brian O'Donoghue
Illinois Bar No. 6283857
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
1 North Franklin Street, Suite 625
Chicago, IL 60606
Tel: (312) 541-3000
Fax: (312) 629-8107
E-mail: alittmann@goldmanismail.com
E-mail: bodonoghue@goldmanismail.com

By:   */s/Joe W. Tomaselli, Jr.*
Joe W. Tomaselli, Jr.
Texas Bar No. 24003064
GOLDMAN ISMAIL TOMASELLI
BRENNAN & BAUM LLP
2515 McKinney Ave, Ste 1250
Dallas, TX 75201
Tel: (214) 880-9900
Fax: (214) 880-9901
E-mail: jtomaselli@goldmanismail.com

*Counsel for MLB Advanced Media, L.P.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, pursuant to Local Rule 5.1(d), on October 12, 2012, a true and correct copy of the foregoing document was electronically filed and provided to all counsel of record through the CM/ECF system and by e-mail.

By:    */s/ Alan E. Littmann*